SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
Sumithra R. Roberts (SBN 256078)
sroberts@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
SEARS, ROEBUCK AND CO., SEARS
HOLDINGS MANAGEMENT CORPORATION,
and SEARS OPERATIONS, LLC (erroneously
sued as SEARS OPERATION CENTER)

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIRA ROSAS HERNANDEZ, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware corporation, SEARS, ROEBUCK AND CO., a New York corporation,  SEARS OPERATION CENTER, a business entity form unknown, and DOES 1 through100, inclusive,<br><br>        Defendants. | Case No. __2:18-cv-4970_____<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT; DIVERSITY JURISDICTION**<br><br>(Los Angeles County Superior Court Case No.   BC691227)<br><br>Complaint Filed: January 23, 2018<br>Trial Date:        None set |

1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants SEARS HOLDINGS MANAGEMENT CORPORATION ("SHMC"), SEARS, ROEBUCK AND CO. ("Sears") and SEARS OPERATIONS, LLC ("Sears Operations") (erroneously sued herein as "SEARS OPERATION CENTER")[1] (collectively referred to herein as "Defendants") hereby remove the above-referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California. This removal is made pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity, codified in relevant part at 28 U.S.C. § 1332. Defendants state that the removal is proper for the following reasons:

I.    **PROCEDURAL BACKGROUND IN STATE COURT**

1.    On January 23, 2018, Plaintiff ELVIRA ROSAS HERNANDEZ ("Plaintiff") filed a Complaint in the State of California, County of Los Angeles, entitled, "*ELVIRA ROSAS HERNANDEZ v. SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware a corporation, SEARS, ROEBUCK AND CO., a New York corporation, SEARS OPERATION CENTER, a business entity form unknown, and DOES 1-100, inclusive, Defendants*" ("Complaint"), Los Angeles County Superior Court Case No. BC691227. The Complaint alleges six causes of action for: (1) Discrimination Based On Disability and Medical Condition; (2) Failure to Prevent Disability Discrimination; (3) Failure to Provide Reasonable Accommodation for Disability/Medical Condition, (4) Failure to Enter Into an Interactive Process; (5)

---

[1]    At all times relevant hereto, Sears, Roebuck and Co. employed Plaintiff and, thus, is the only proper defendant in this action. (*See* Declaration of Catherine Miller, ¶¶ 4-5, 8-9.) Sears Holdings Management Corporation and Sears Operations, LLC did not employ Plaintiff and do not do business as Sears, Roebuck and Co. (*Id.* at ¶¶ 8-9.) As such, Sears Holdings Management Corporation and Sears Operations, LLC are not proper defendants to this action.

Unlawful Discharge in Violation of FEHA; and (6) Wrongful Discharge in Violation of Public Policy. A true and correct copy of the Complaint is attached hereto as **Exhibit 1.**

2. The agent for service of process for Defendants was served on May 3, 2018. A true and correct copy of the Service of Process Transmittal, Summons, and associated papers served with the Complaint are attached hereto collectively as **Exhibit 2**. Also attached as Exhibit 2 are the Proofs of Service filed by Plaintiff with the Superior Court on May 8, 2018 and May 11, 2018. (Declaration of Sumithra R. Roberts, Esq. ("Roberts Decl."), ¶ 3.)

3. Defendants answered the Complaint on June 1, 2018. A true and correct copy of its Answer is attached hereto as **Exhibit 3**.

4. **Exhibits 1, 2, and 3** constitute all of the pleadings served on Defendants, filed by Defendants in the Los Angeles County Superior Court, or retrieved from the Superior Court's records prior to filing of this Notice of Removal. (Roberts Decl., ¶ 3.)

**II.    TIMELINESS OF REMOVAL**

5. This notice of removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of service upon moving Defendants. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

6. Defendants' Notice of Removal is timely because it is being filed within 30 days of when Defendants were served with the Summons and Complaint on May 3, 2018, and within one year of the commencement of this action. (Roberts Decl., ¶ 4.)

**III.    DIVERSITY JURISDICTION**

7. The subject matter jurisdiction on the basis of diversity of citizenship requires: (1) there is complete diversity of citizenship between the parties, and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

/ / /

3

A.    **Plaintiff's and Defendants' Citizenships Are Completely Diverse**

8.    The complete diversity requirement merely means that all plaintiffs must be of different citizenship than all defendants, and any instance of common citizenship "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

9.    A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought.").

10.    In the present case, the parties have complete diversity of citizenship at the time the lawsuit was filed because Plaintiff's citizenship is diverse from Defendants.

1.    **Plaintiff Is A Citizen of California**

11.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile").

12.    Plaintiff alleges that she is "a resident of the State of California, County of Los Angeles." (Complaint, ¶ 2; *see also* Miller Decl. ¶ 4 ("Ms. Rosas Hernandez provided residence addresses located in Winnetka, California; Reseda, California; and Van Nuys, California.").)

13.    In addition, Plaintiff maintained at least three residence addresses in Los Angeles County, California for the three and a half years she was employed by Sears. (Miller Decl., ¶ 4.)

4

14. The Complaint, her own reported residence history, and her three and a half-year work location all establish that Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**2.     Defendants Are Not Citizens of The State of California**

15. Defendants are now, and were at the time of the filing of this action, citizens of a State other than California within the meaning of 28 U.S.C. § 1332(c)(1).

16. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

17. The Supreme Court of the United States in *The Hertz Corp. v. Friend* held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center"** ....

559 U.S. 77, 92-93 (2010) (emphasis added).

18. Sears, Plaintiff's employer in this action, is now, and ever since this action commenced, has been incorporated under the laws of the State of New York, with its principal place of business in the state of Illinois. (Miller Decl., ¶7.)

19. Sears' principal place of business is Illinois because its "nerve center" is located in the state of Illinois. Specifically, Sears' corporate headquarters are located in the state of Illinois and the majority of its executive and administrative functions take place in Illinois. (Miller Decl. ¶7.) Therefore, Sears is a citizen of the state of Illinois pursuant to the "nerve center" test and the state of New York pursuant to its organization.

5

20.     SHMC is now, and ever since this action commenced, has been incorporated under the laws of the State of Delaware, with its principal place of business in the state of Illinois.  (Miller Decl., ¶8.)

21.     SHMC's principal place of business is Illinois because its "nerve center" is located in the state of Illinois.  Specifically, SHMC's corporate headquarters are located in the state of Illinois and the majority of its executive and administrative functions take place in Illinois.  (Miller Decl. ¶8.)  Therefore, SHMC is a citizen of the state of Illinois pursuant to the "nerve center" test and the state of Delaware pursuant to its organization.

22.     SHMC is not, and has never been, Plaintiff's employer. (Miller Decl. ¶8.)

23.     Sears Operations is now, and ever since this action commenced, has been incorporated under the laws of the State of Delaware. (Miller Decl., ¶9.)  Therefore, Sears Operations' is a citizen of the state of Delaware pursuant to its organization.

24.     Sears Operations is not, and has never been, Plaintiff's employer. (Miller Decl. ¶9.)

### 3.     Doe Defendants Should Be Disregarded

25.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of the Doe defendant in this case does not deprive this Court of jurisdiction.

26.     Accordingly, pursuant to 28 U.S.C. § 1332(c), Plaintiff and the currently named Defendants, Sears, SHMC and Sears Operations, have diverse citizenship.

### B.     Defendants Need Only Show By A Preponderance of The Evidence That The Amount In Controversy Exceeds $75,000

27.     The Federal Court's Jurisdiction and Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing amount in controversy.  Pub. L. 112-63, Title II, § 205.

28.   Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a).  See H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.").  28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded."  Under these circumstances, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000.  28 U.S.C. § 1446(c)(2)(B).  Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty.

29.   The Ninth Circuit has also rejected application of the legal certainty standard for removal.  *See Rodriguez v. AT&T Mobility Servs.* LLC, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."); *accord Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted).

30.   To meet this relatively low burden of production, a defendant may rely on a plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d at 1205; *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).  Such calculations are more than sufficient to establish the amount in controversy.  *Id.* at 986 ("The amount of overtime claims in controversy can . . . be calculated using a combination of defendant's own numbers and Plaintiff's allegations . . . .").

DEFENDANTS' NOTICE OF REMOVAL - DIVERSITY JURISDICTION

31.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); s*ee also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

32.    It is well settled that in determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of claims for compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover" award of compensatory and punitive damages in excess of amount in controversy requirement); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-32 (N.D. Cal. 2002) (aggregating claims for compensatory damages, punitive damages and attorneys' fees in determining amount in controversy).

33.    Here, the general and special damages sought by Plaintiff, along with attorneys' fees and potential punitive damages that may be awarded on her claims, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

C.    **Plaintiff's Amount in Controversy Exceeds $75,000**

34.    While Defendants deny any liability as to Plaintiff's claims, Plaintiff's prayer for relief, which seeks general and compensatory damages, punitive and exemplary damages, and costs of suit and attorneys' fees for each of her causes of action, places Plaintiff's total claims well above the threshold requirement for jurisdiction. (*See* Complaint, Prayer for Relief, pp. 16-17.)  Plaintiff seeks recovery of "general damages […] in an amount according to proof" and "special damages […] in amount according to

8

proof according to proof[.]" *Id.* Thus, Plaintiff's lost wages and benefits are properly included in the amount in controversy for each of her claims.

35.   ***Compensatory Damages.*** Plaintiff alleges that Defendants' actions with respect to her discharge from employment caused her to suffer "loss of earnings, plus expenses incurred in obtaining substitute employment and loss of accrued vacation time, loss of job security, [sic] loss of prospective promotional[.]" (*See* Complaint, ¶ 73.)

36.   At the time of her separation in August 2016, Plaintiff alleges she was employed as a Telephone Sales Representative and earned $3,500 to $4,000 per month (a minimum of $42,000 annually). (*See* Complaint, ¶ 9.) Since Plaintiff's employment with Sears ended on August 31, 2016, Plaintiff's claim for lost wages is approximately $77,000 ($3,500 x 22 months as of this submission). Moreover, assuming conservatively that this case is set for trial in late May 2019, there will have elapsed 33 months since Plaintiff separated from employment, which would total approximately $115,500 in lost wages alone at trial ($3,500 x 33 months at the estimated time of trial).

37.   Additionally, although Defendants deny that they should be liable for any damages whatsoever in this case, for purposes of assessing whether the amount in controversy is satisfied, jury verdicts in various discrimination cases in California reflect that were Plaintiff to prevail at trial, her damages could exceed the $75,000 threshold. To wit, there have been, in recent years, several verdicts in similar FEHA discrimination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See Palma v. Rite Aid Corp.*, No. BC465411, 2012 WL 3164630 (L.A. County Sup. Ct. July 24, 2012) (award of $3,522,070 to employee who was terminated in FEHA discrimination action); *Quiroz v. Ralphs Grocery Co.,* No. BC453081, 2012 WL 3745798 (L.A. County Sup. Ct. June 20, 2012) (award of $490,356 to employee who was terminated in FEHA discrimination action); *Siglin v. Carden Whittier School, Inc.,* No. BC433923, 2012 WL 1798892 (L.A. County Sup. Ct. Mar. 23, 2010) (award of $323,985 to employee who was terminated in FEHA discrimination action); *Polk v. Metropolitan Transp. Auth.,* No. BC443358, 2012 WL 864463 (L.A. County Sup. Ct. Jan. 23, 2012)

9

(award of $250,000 to former employee in FEHA action); *Sun v. Transit Air Cargo, Inc.*, No. 3020110044646922, 2012 WL 926915 (Orange County Sup. Ct. Mar. 8, 2012) (award of $75,290 to employee in FEHA discrimination action); *Dickinson v. Allstate Ins. Co.*, No. 30200900310856, 2011 WL 4048838 (Orange County Sup. Ct. Jan. 27, 2011) (award of $341,322 to employee in FEHA discrimination action); *Betson v. Rite Aid Corp.*, No. BC427992, 2011 WL 3606913 (L.A. County Sup. Ct. May 27, 2011) (award of $500,000 to employee in disability action); *Vanderheiden v. City of Alameda*, No. RG06 283619, 2011 WL 1562075 (Alameda County Sup. Ct. Mar. 23, 2011) (award of $680,182 to employee in FEHA discrimination action); *Peacock v. Quest Diagnostics*, No. 09-CV-09206, 2010 WL 6806990 (C.D. Cal. Dec. 15, 2010) (award of $229,638 to employee for discriminatory termination in violation of the California Family Rights Act); *Li v. Wyndham Vacation Ownership, Inc.*, No. C05-01991, 2010 WL 4111579 (Contra Costa County Sup. Ct. Sept. 15, 2010) ($346,000 jury verdict awarded to employee who was demoted and replaced, and who ultimately resigned after going on medical leave); *Landau v. County of Riverside*, No. 2:07-CV-06807, 2010 WL 1648442 (C.D. Cal. Feb. 12, 2010) (award of $1,033,500 to employee who brought action against employer based disability discrimination and failure to accommodate); *Dodd v. Haight Brown & Bonesteel LLP*, No. BC413813, 2010 WL 4845803 (L.A. County Sup. Ct. Oct. 15, 2010) (award of $410,520 to employee wrongfully terminated); *Ybarra v. Dacor Holding Inc.*, No. KC-054144, 2010 WL 2404221 (L.A. County Sup. Ct. Feb. 26, 2010) (award of $615,236 to employee in FEHA discrimination and wrongful termination action); *Malone v. Potter*, No. 07-CV-05530, 2009 WL 999514 (C.D. Cal. Mar. 10. 2009) (award of $300,000 to employee in disability discrimination and retaliation action); *Jadwin v. County of Kern*, No. 07-CV-00026, 2009 WL 2837507 (E.D. Cal. June 8, 2009) (award of $505,457 to employee in FEHA discrimination action); *Sun v. Toyota Motor Corp.*, No. BC360085, 2009 WL 998964 (L.A. County Sup. Ct. Mar. 4, 2009) (jury verdict of $2,812,000 awarded to employee in pregnancy discrimination  action); *Morales v. L.A. County Metro. Transp. Auth.*, No. BC339557, 2008 WL 4488427 (L.A.

County Sup. Ct. Aug. 19, 2008) (award of $2,247,137 to employee terminated due to disability); *Ismen v. Beverly Hosp.,*No. BC366198, 2008 WL 4056258 (L.A. County Sup. Ct. Aug. 13, 2008) (award of $1,180,164 in discrimination and failure to accommodate action where employee lost her position after suffering on the job injury); *Kolas v. Alticor Inc.*, No. BC362432, 2008 WL 6040410 (L.A. County Sup. Ct. Jan. 1, 2008) (award of $600,000 to employee claiming wrongful termination and disability and age discrimination); *Vaughn v. CNA Casualty of Cal.*, No. 06-CV-00859, 2008 WL 4056256 (C.D. Cal. Feb. 28, 2008) (award of $850,000 to employee in discrimination action); *Cosby v. City of Orange*, No. 07CC00242, 2008 WL 2101526 (Orange County Sup. Ct. Feb. 15, 2008) (jury verdict awarding $216,575 where employee was terminated); *Leuzinger v. County of Lake*, No. C06-0398, 2007 WL 3022455 (N.D. Cal. Sept. 24, 2007) (jury verdict awarding employee $1,679,001 in discrimination action); *Martin v. Arrow Electronics*, No. SA-CV-041134, 2006 WL 2044626 (C.D. Cal. June 12, 2006) (award of approximately $1,500,000 to employee who was wrongfully terminated); *Shay v. TG Constr., Inc.*, No. SC 028511, 2002 WL 31415020 (Ventura County Sup. Ct. Jan. 1, 2002) (award of $462,500 to employee wrongfully terminated).

38.     Plaintiff's allegations that she was discriminated against because of her disability/medical condition, and that she was discharged in violation of FEHA and public policy, are factually similar to the issues in the foregoing cases and/or were alleged under the same statute (FEHA). Defendants have attached these verdicts as **Exhibit A** to the concurrently filed Roberts Declaration, for the Court's review.

39.     ***Emotional Distress Damages.*** Plaintiff also claims damages for emotional distress. (*See* Complaint, ¶¶ 20, 29, 41, 50, 57, 66, and 74, wherein Plaintiff alleges she has suffered "emotional distress.") A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000. *See Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct. July 19, 2013) (jury awarded approximately $150,000 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No.

11

BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct. Nov. 12, 2013) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct. Dec. 17, 2013) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, No. 09-CV-03279, 2011 WL 7447633 (C.D. Cal. Dec. 7, 2011) (jury award of $5,600,000 in non-economic damages for six plaintiffs in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct. Mar. 8, 2011) (award of $1,270,000 in pain and suffering to employee in discrimination action); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct. Feb. 4, 2011) (jury awarded $385,000 in pain and suffering to employee in discrimination case).

40. Plaintiff's allegations of discrimination under the FEHA are factually similar to the issues in the foregoing cases and/or were pursued under the same statute (FEHA). Defendants have attached these verdicts as **Exhibit B** to the concurrently filed Roberts Declaration, for the Court's review.

41. ***Attorneys' Fees and Costs.*** Plaintiff also claims that she is entitled to attorneys' fees and costs. (*See* Complaint, Prayer for Relief, at pp. 16-17.) Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S/ v. JSS Scandinavia*, 142 F.3d 1150, 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code § 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

DEFENDANTS' NOTICE OF REMOVAL - DIVERSITY JURISDICTION

42.    Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving discrimination.  *See, e.g., Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct. Sept. 29, 2010) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct. Sept. 16, 2006) (attorneys' fees award of $490,000 for claims including discrimination case).  Defendants have attached these verdicts as **Exhibit C** to the concurrently filed Roberts Declaration, for the Court's review.

43.    Defendants anticipate that in addition to having already prepared the Complaint, Plaintiff's attorneys in this case will have to engage in the following activities to litigate this matter: preparing Plaintiff for her deposition, defending Plaintiff's deposition, preparing written discovery, responding to written discovery, preparing for depositions of defense witnesses, taking depositions of defense witnesses, and opposing a motion for summary judgment or partial summary judgment.  (*See* Roberts Decl., ¶ 6.) Based on defense counsel's experience, attorneys' fees in similar employment discrimination cases for these types of activities would be at least $150,000.  (*Id.*)

44.    Based on defense counsel's experience, the pretrial preparation for this matter would include drafting motions *in limine*, motions to bifurcate, witness lists, exhibit lists, jury instructions, special verdict questions, witness testimony outlines, preparation of an opening statement, and preparation of a closing argument.  (Roberts Decl., ¶ 7.)  For a trial or arbitration consisting of just one day, the time expended for these pretrial activities is a minimum of 50 hours.  (*Id.*)  Because Plaintiff has six separate claims, these pretrial activities would take at least 100 hours.  (*Id.*)  Using an extremely low blended rate of $250 per hour, the attorneys' fees for trial preparation would be at least $25,000.  (*Id.*)

45.    Based on defense counsel's experience, trial of this matter will require two attorneys, working at least ten hours per day, consisting of activities in the courtroom, preparing witnesses prior to each day of testimony, reviewing testimony presented each

13

day, and preparing for the next day of trial. (*See* Roberts Decl., ¶ 8.) Using a blended rate of $250 per hour, for two attorneys for ten hours a day, the attorneys' fees for each day of trial would total $5,000 per day. Assuming that the trial of this matter would last at least 5 days, the minimum attorneys' fees for trial would be $25,000. (*Id.*)

46. ***Punitive Damages.*** Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. (Complaint, ¶¶ 21, 31, 43, 52, 58, 68; Prayer for Relief, at pp. 16-17.) *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

47. Courts have affirmed jury verdicts exceeding the jurisdictional threshold in punitive damages in other FEHA cases. *See Green vs. Las Flores Convalescent Hospital*, 2008 WL 7950709 (Los Angeles Sup. Ct.) (Punitive damages award of $1,237,086.00 in retaliation claim); *Bulow, M.D. V. North County Ob-Gyn Medical Group Inc.*, 2008 WL 2185091 (Unknown Cal. Sup. Ct.) (Award of $105,000.00 in punitive damages on retaliation claim); *Kolainia Hettick And Jana Bryant Vs. Federal Express.*, 2005 WL 6933716 (Santa Clara Sup. Ct.) (Award of $1,000,000 in punitive damages for each plaintiff in sexual harassment claim).

48. In sum, the amount in controversy in this three-claim employment dispute easily exceeds the jurisdictional minimum with $115,500 in anticipated lost wages at the time of trial *plus* emotional distress damages and both parties' attorneys' fees. Moreover, based upon the allegations contained in Plaintiff's Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Since diversity of citizenship exists between the Plaintiff and the Defendants and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1). This action is therefore a proper one for removal to this Court.

/ / /

/ / /

14

## IV.   VENUE

49.   Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§84(c)(2), 1441, and 1446(a).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of California.  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

50.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

51.   This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

52.   In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed or served or retrieved from the Los Angeles County Superior Court are attached as **Exhibits 1, 2 and 3.**

## VI.   PRAYER FOR REMOVAL

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

///

///

///

///

///

15

DATED: June 4, 2018

Respectfully submitted,

SEYFARTH SHAW LLP


By:/s/ *Sumithra R. Roberts*
　　Sumithra R. Roberts
　　Attorneys for Defendants SEARS
　　HOLDINGS MANAGEMENT
　　CORPORATION,
　　SEARS, ROEBUCK AND CO. and
　　SEARS OPERATIONS, LLC
　　(erroneously sued as SEARS
　　OPERATION CENTER)

16

DEFENDANTS' NOTICE OF REMOVAL - DIVERSITY JURISDICTION